IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01193-BNB

PHILIP R. CHATMAN, JR.,

     Plaintiff,

v.

D. SCOTT DAVIS, CEO, et al., United Parcel Service, Inc.,

     Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 0 9 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

     Plaintiff Phillip R. Chatman, Jr., initiated this action by filing *pro se* a Complaint for damages and the return of personal property allegedly damaged and lost during shipping by United Parcel Service, Inc.  On May 29, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Chatman to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction.  On June 10, 2009, Mr. Chatman filed a "Motion Showing Cause" in response to Magistrate Judge Boland's show cause order.

     Mr. Chatman has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the Complaint at any time if the claims asserted are legally frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the Complaint as legally frivolous.

The Court must construe the Complaint and the response to Magistrate Judge
Boland's show cause order liberally because Mr. Chatman is not represented by an
attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935
F.2d 1106, 1110 (10th Cir. 1991). Therefore, if the Complaint reasonably can be read
"to state a valid claim on which the plaintiff could prevail, [the Court] should do so
despite the plaintiff's failure to cite proper legal authority, his confusion of various legal
theories, his poor syntax and sentence construction, or his unfamiliarity with pleading
requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate
for a *pro se* litigant. *See id*.

Mr. Chatman is suing the chief executive officer of United Parcel Service, Inc.,
because Mr. Chatman's personal property allegedly was damaged or lost by United
Parcel Service, Inc., during shipping. Mr. Chatman asserts his claims pursuant to 42
U.S.C. §§ 1983 and 1987. In his order to show cause, Magistrate Judge Boland noted
that the Court has subject matter jurisdiction over claims pursuant to § 1983. However,
he determined that Mr. Chatman's claims are not asserted properly pursuant to § 1983
because Mr. Chatman does not allege that he has been deprived of any federal right
and he does not allege that Defendant was acting under color of state law. Magistrate
Judge Boland also determined that Mr. Chatman could not assert his claims pursuant to
§ 1987.

In his response to Magistrate Judge Boland's show cause order, Mr. Chatman
states that his rights under the Eighth and Fourteenth Amendments to the United States
Constitution have been violated and that he is asserting his claims pursuant to §§ 1983

2

and 1987. He specifically claims that he has been denied equal protection because he has been treated differently than larger entities and corporations and that his Eighth Amendment rights have been violated by "unnecessary anguish, loss of potential revenue, loss of personal business equipment and materials [and] most of all the out right [sic] denial of any wrong doing and denial of plaintiff's right to recovery of his business loss and equipment as well as supplies." (Mot. Showing Cause at 4-5.)

Because Mr. Chatman insists that his claims are asserted pursuant to §§ 1983 and 1987, the Court will not dismiss this action for lack of subject matter jurisdiction. However, the Court will dismiss the action because Mr. Chatman's constitutional claims are legally frivolous.

As Magistrate Judge Boland noted in his show cause order, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

3

In order to satisfy the under-color-of-state-law element, Mr. Chatman must show that he was deprived of a federal right through conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id*.

Mr. Chatman does not allege that Defendant was acting under color of state law. The fact that Mr. Chatman believes his rights have been violated does not demonstrate that he was denied equal protection or subjected to cruel and unusual punishment by a person acting under color of state law. Therefore, because Mr. Chatman fails to allege facts that demonstrate Defendant was acting under color of state law, the constitutional claims pursuant to § 1983 lack merit and must be dismissed.

Mr. Chatman also may not assert his claims pursuant to § 1987. That statute provides as follows:

> The United States attorneys, marshals, and deputy marshals, the United States magistrate judges appointed by the district and territorial courts, with power to arrest, imprison, or bail offenders, and every other officer who is especially empowered by the President, are authorized and required, at the expense of the United States, to institute prosecutions against all persons violating any of the provisions of section 1990 of this title or of sections 5506 to 5516 and 5518 to 5532 of the Revised Statutes, and to cause such persons to be arrested, and imprisoned or bailed, for trial before the court of the United States or the territorial court having cognizance of the offense.

42 U.S.C. § 1987. Mr. Chatman does not allege any facts that arguably could support a

claim pursuant to § 1987.  Therefore, whatever claim Mr. Chatman believes he is

asserting pursuant to § 1987 also is legally frivolous and must be dismissed.

Accordingly, it is

ORDERED that the Complaint and the action are dismissed as legally frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this _8_ day of _____July_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-01193-BNB

Philip R. Chatman, Jr.,
1482 S. Balsam Street
Lakewood, CO 80232

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7|9|09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk